IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| AMANDA DAVIS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>COAST DENTAL SERVICES, LLC.,<br><br>*Defendant*. | Case No. _____ |

NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a) and 1446, with full reservations of all right and defenses, Defendant Coast Dental Services, LLC ("Defendant"), hereby removes the above-entitled civil action, and all claims and causes of action therein, from the Thirteenth Judicial Circuit Court in and for Hillsborough County, Florida, Case No. 22-CA-2116, to the United States District Court for the Middle District of Florida.  In support of this Notice of Removal, Defendant states as follows:

**I.      Background**

1.      On March 14, 2022, this action was commenced by Amanda Davis ("Plaintiff") by the filing of a Complaint alleging purported claims under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and its Florida analogue, the Florida Telephone Solicitation Act ("FTSA"), in the Thirteenth

Judicial Circuit Court in and for Hillsborough County, Florida, Case No. 22-CA-2116, entitled *Amanda Davis v. Coast Dental Services, LLC* (the "State Court Action") based on alleged text messages and/or phone calls that Plaintiff purportedly received on her cellular phone without her consent, in violation of both statutes.

2. Though Defendant denies any wrongdoing, this suit arises from telephone calls to Plaintiff's cellular telephone that were allegedly caused by Defendant or on behalf of Defendant and/or that Plaintiff otherwise alleges violated the TCPA and FTSA.

3. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the operative Complaint in the State Court Action is attached hereto as **Exhibit A**.

4. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all other process, pleadings, and orders served upon Defendant in the State Court Action are attached to this Notice as **Exhibit B**. A true and correct copy of the Register of Actions from the State Court Action is attached to this Notice as **Exhibit C**.

5. Defendant was purportedly personally served with copies of the Summons and Complaint on March 22, 2022. A true and correct copy of the Return of Service filed in the State Court Action is attached hereto as **Exhibit D**.

6. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

7. As all procedural and substantive requirements related to the removal of this action have been performed or otherwise satisfied, as reflected below,

Defendant now timely and respectfully removes the State Court Action to this Court.

## II. Basis for Jurisdiction

8. This Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a) and 1446. This claim could and should have been originally filed in this Court pursuant to 28 U.S.C. § 1331, as this Court has original jurisdiction over all claims and actions arising under the "Constitution, laws or treaties of the United States."

9. Plaintiff's Complaint asserts violations of a federal law, namely the TCPA. *See generally* Exhibit A, attached. The Supreme Court of the United States in *Mims v. Arrow Financial Services LLC*, 132 S. Ct. 740, 747-53 (2012), addressed the issue of whether the federal district courts have jurisdiction over TCPA claims, holding that such a claim is, in fact, one that "arises under" the laws of the United States. As such, this Court has federal question jurisdiction over this matter. *See also Duran v. Wells Fargo Bank, N.A.,* 878 F. Supp. 2d 1312, 1315-16 (S.D. Fla. 2012) ("This action was removed to this Court based on federal question jurisdiction, 28 U.S.C. § 1331, because the Complaint alleges a violation of the TCPA. . . . It is established that federal courts have subject matter jurisdiction over TCPA claims.") (internal citation omitted).

10. Moreover, pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original

jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Thus, this Court has federal question jurisdiction.

11. Pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over any state law and common law claims, as such claims are related to the TCPA claim over which this Court has original jurisdiction that it forms part of the same case and controversy under Article III of the United States Constitution. This includes Plaintiff's FTSA claim.

### III. Defendant Has Satisfied all the Procedural Requirements for Removal

12. Pursuant to 28 U.S.C. § 1441(a), the present action may be removed to the United States District Court for the Middle District of Florida.

13. Under 28 U.S.C. § 1446(b), Defendant is timely removing this action within 30 days of the date of service, which was purportedly on March 22, 2022. *See* Exhibit D, attached.

14. Defendant will promptly serve a copy of this Notice upon all counsel of record in the State Court Action and will file a copy of this Notice with the Clerk of the Court in the State Court Action pursuant to 28 U.S.C. § 1446(d).

15. In accordance with 28 U.S.C. § 1446, copies of all process and papers received by Defendant in the State Court Action have been attached to this Notice.

16. No other defendants have been named in the State Court Action, and

therefore, no joinder of additional defendants to this removal is necessary.

17. Therefore, all procedural requirements for removal have been satisfied.

**IV.  Venue**

18. Venue is proper in this District Court pursuant to 28 U.S.C. §1441(a), because this action was brought in the Thirteenth Judicial Circuit Court in and for Hillsborough County, Florida, which is in the same District as the United States District Court for the Middle District of Florida. Venue is also proper in this District under 28 U.S.C. §1391(b), to the extent that Plaintiff alleges that "Defendant made or caused to be made telephonic sales calls into Florida" and that she "received such calls while residing in and physically present in Florida." *See* Exhibit A at ¶ 9.

19. Defendant hereby reserves all rights to assert any defense or affirmative matter, including, without limitation, motions to dismiss pursuant to Fed. R. Civ. P. 12, as well as to amend or supplement this Notice of Removal.

**V.  Conclusion**

Defendant respectfully requests that this Court proceed with this lawsuit as if it had been originally filed in this Court, and that the Court grant Defendant such other relief to which they are justly entitled.

Dated: April 21, 2022                     Respectfully Submitted,

                                          **MARK MIGDAL & HAYDEN**
                                          80 S.W. 8th Street, Suite 1999
                                          Miami, Florida 33130
                                          Telephone: (305) 374-0440

                                          By: *s/ Yaniv Adar*
                                            Josh A. Migdal, Esq.
                                            Florida Bar No. 19136
                                            josh@markmigdal.com
                                            Yaniv Adar, Esq.
                                            Florida Bar No. 63804
                                            yaniv@markmigdal.com
                                            eservice@markmigdal.com

                                            *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document (including any attached exhibits and documents) electronically on the Court's CM/ECF docket on April 21, 2022, which served same electronically upon all counsel of record.

/s/     Yaniv Adar
Yaniv Adar, Esq.
Florida Bar No. 63804
