UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMANDA DAVIS, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.                                                          Case No: 8:22-cv-941-KKM-TGW

COAST DENTAL SERVICES, LLC.,

    Defendant.
_____

## ORDER

In a putative class action, Plaintiff Amanda Davis alleges that she received an unsolicited automated text message from Coast Dental Services in violation of the federal Florida Telephone Solicitation Act (FTSA) and the Telephone Consumer Protection Act (TCPA). (Doc 18 ¶¶ 3, 10, 18.) Coast Dental Services moves to dismiss both claims, arguing that Davis fails to state a plausible FTSA or TCPA claim, and that Section 8(a) of the FTSA is unconstitutional under the First Amendment, Fourteenth Amendment, and the Dormant Commerce Clause. (Doc. 22.) Because Davis fails to state a plausible claim or plead sufficient facts to allege a violation of the FTSA, the Court grants Defendant's Motion to Dismiss on Count I without prejudice. Because Davis's claim under the TCPA

is an impermissible shotgun pleading that failed to state a plausible claim for relief under the TCPA, count II is stricken with leave to amend.

I. FACTS[1]

Plaintiff Amanda Davis brings a class action against Defendant Coast Dental Services, LLC, alleging violations of the TCPA and Florida's similar statute, the FTSA based on her receipt of an unsolicited text message she received on or about January 27, 2022. (Doc. 19 ¶¶ 1, 11.) Davis alleges that Coast Dental used a "computer software system that automatically selected and dialed" her telephone number to advertise dental services. (Doc. 19 ¶¶ 12, 19.) A screenshot of the message indicates that the message is from +1 (850) 920-7342 and reads: "Introducing Online Booking from Coast Dental. Whether you have a dental emergency, need a dental check-up, or want to transform your smile, you can count on us to keep your smile healthy and beautiful. Schedule Your Appointment Online Today! https://www.coastdental.com/appointments/appointment-request Sent via NexHealth To unsubscribe, reply STOP." (*Id.* ¶ 11.)

Davis alleges that she never provided Coast Dental with her written consent for them to contact her by phone. (*Id.* ¶ 17.) On March 14, 2022, Davis filed a complaint in state court in Hillsborough County, Florida alleging: (1) a violation of the FTSA for

---

[1] At this stage, the Court accepts all factual allegations in the complaint as true and construes them in the light most favorable to Plaintiffs. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

2

making a telephonic sales call from an automated system without prior express written consent and (2) a violation of Section 8(a) of the TCPA for failing to disclose the name of the individual caller. (*Id.* ¶¶ 16, 35.) Defendant Coast Dental removed the action to federal court on April 21, 2022 (Doc. 1) and moved to dismiss the complaint for failure to state a claim on May 13, 2022. (Doc. 12) In response, Davis filed an Amended Complaint on June 17, 2022 (Doc. 18), which Coast Dental moved to dismiss on June 1, 2022. (Doc. 22.)

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Id.* (quoting *Twombly*, 550

3

U.S. at 570). A claim is plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering the motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

## III.   ANALYSIS

In its motion to dismiss, Coast Dental argues that Davis fails to state plausible facts sufficient to allege that Coast Dental used an "automated system" to send the unsolicited text message to a "residential" telephone line and that section 8(a) of the FTSA is unconstitutionally vague, restrictive of free speech, and violative of the dormant commerce clause. (Doc. 22 at 1–3.) Coast Dental further argues that Davis fails to state a claim under the TCPA because the regulation Davis pleads (47 C.F.R. § 64.1200(d)(4)) does not provide a private cause of action. (*Id.* at 22.) Davis argues that Section 8(a) of the FTSA survives intermediate scrutiny as a proper regulation of commercial speech, is not vague, does not improperly discriminate against or burden out of state businesses, and that she pleaded sufficient facts to demonstrate that the unsolicited text message was sent as part of an automated mass marketing campaign. (Doc. 30 at 1–2.) While not raised in

4

the motions, this Court also considers pleading standards, and the Amended Class Action Complaint's sufficiency under the Federal Rules.

### A. Failure to State a Claim under the FTSA

Davis fails to allege sufficient facts to plead a plausible violation of the FTSA as a matter of law. The FTSA prohibits telephone solicitors from making or causing "a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a). To properly allege a violation of this provision, a plaintiff must allege some facts making it plausible that the defendant used an automated dialing system as described by the statute. Here, Davis could have pleaded facts such as information on Coast Dental's website indicating that messages are sent through automated systems, information regarding the formality of the message, or information regarding the phone number from which the message was received that could indicate an automated source. Instead, Davis alleges merely that "[t]o transmit the above telephonic sales calls, Defendant utilized a computer software system that automatically selected and dialed Plaintiff's and the Class members' telephone numbers." (Doc. 18 ¶ 18.)

This allegation is conclusory and the Court need not accept it as true. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (noting that "if

5

allegations are indeed more conclusory than factual, then the court does not have to assume their truth"). The fact that Coast Dental sent Davis an unsolicited text message is consistent with the idea that Coast Dental used an automated machine to send advertisements en masse. However, these facts are also consistent with Coast Dental hiring a marketing firm to send individual messages from a personal cell phone in full compliance with the FTSA. From the facts pleaded, it is merely possible that Coast Dental violated the FTSA, but not plausible as the pleading standard requires. *See Iqbal*, 556 U.S. at 679. Without more, Davis's FTSA claim fails.

### B.  Impermissible Shotgun Pleading Claim under the TCPA

Complaints that violate Federal Rules of Civil Procedure 8(a)(2) or 10(b) "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts "where each count adopts the allegations of all preceding counts;" (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against." *Id.* at 1321–23. "The

6

unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, Davis alleges in her Count II heading a "violation of 47 U.S.C. § 227(b)." (Doc. 18 at 10.) She goes on to cite only a regulation and 47 U.S.C. § 227(c) in the paragraphs that follow. (Doc. 18 ¶¶ 44–47.) According to the FCC, "the TCPA creates separate private rights of action for violations of the prerecorded calling and do-not-call restrictions." *In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois. N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules*, 28 F.C.C. Rcd. 6574, 6575 (2013) (hereafter, FCC Ruling).[2] The FCC further explained the separate causes of action, noting that § 227(b) regards "prerecorded calling restrictions" while § 227(c) "allows 'persons' to seek damages and injunctive relief if they have 'received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." FCC Ruling at 6575 (quoting 47 U.S.C. § 227(c)). Although Davis cites § 227(c), no allegation of receiving multiple calls or text messages within the statutory period appears in her Amended Class Action

---

[2] Because a district court "lack[s] jurisdiction" under the Hobbs Act to review the FCC's interpretation of the TCPA, this Court defers to the FCC's interpretation of the causes of action present in the TCPA. *Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1305 (11th Cir. 2015).

7

Complaint. (Doc. 18.) Thus, Davis does not make clear whether she is pursuing an action under 47 U.S.C. § 227(b) or § 227(c).

Mixing causes of action and failing to separate them into separate counts is problematic because it muddles which facts go to which claims and prevents each claim from standing on its own merit before the Court. *See Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1045 n.39 (11th Cir. 2014) ("By the time a reader of the pleading gets to the final count, it is exceedingly difficult, if not impossible, to know which allegations pertain to that count (according to its label), to separate the wheat from the chaff. Put plainly, shotgun pleadings unnecessarily tax the time and resources of the District Court as well as the Court of Appeals."). This is especially true in the instant case where each section of the statute provides a separate cause of action. Accordingly, the proper course of action is to strike a shotgun pleading and allow an opportunity to remedy the deficiencies. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("[I]n a case in which a party, plaintiff or defendant, files a shotgun pleading, the district court should strike the pleading and instruct counsel to replead the case . . . This is so even when the other party does not move to strike the pleading.") (quotations and alterations omitted). Thus, Davis's claim is stricken as an impermissible shotgun pleading.

## IV. CONCLUSION

Davis alleges two claims, one state and one federal. The first fails to state a plausible claim under the FTSA and the second fails to clearly specify which cause of action she pleads under the TCPA. Because the pleadings are deficient and fail to state a claim under the FTSA or the TCPA, the Court does not reach the constitutional issues raised by the parties.[3] Accordingly, the following is **ORDERED:**

1. Defendant's Motion to Dismiss Count I of Davis's complaint (Doc. 18) is **GRANTED**. Davis's claim is **DISMISSED without prejudice.**

2. Defendant's Motion to Dismiss Count II of Davis's complaint (Doc. 18) is **GRANTED**. Davis's claim is **STRICKEN** with leave to amend.

3. Plaintiff may file an amended complaint on or before **September 26, 2022**. Ten days after Defendant answers any amended complaint, the parties are directed to file an amended case management report.

---

[3] Considering the Eleventh Circuit's recent decisions regarding Article III standing for statutory violations, if the complaint is amended, parties should consider whether Plaintiff has suffered a concrete injury. *See Hunstein v. Preferred Collection & Mgmt. Servs.*, No. 19-14434, 2022 WL 4102824 (11th Cir. 2022); *Salcedo v. Hannah*, 936 F.3d 1162, 1169 (11th Cir. 2019) (holding that "the receipt of a single text message is qualitatively different from the kinds of things Congress was concerned about when it enacted the TCPA" and is "not a basis for invoking the jurisdiction of the federal courts.").

9

**ORDERED** in Tampa, Florida, on September 13, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**